# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 15, 2002

## STATE OF TENNESSEE v. RONNIE DANIEL

**Direct Appeal from the Circuit Court for Wayne County**
**No. 10738     Stella Hargrove, Judge**

**Filed July 1, 2002**

**No. M2001-01217-CCA-R3-CD**

On March 6, 1997, the defendant pled guilty to a two-count indictment for passing worthless checks in an amount over $10,000, a Class C felony, and in an amount over $1,000, a Class D felony. He was granted judicial diversion and placed on probation. The trial court subsequently revoked the defendant's diversion and sentenced him to concurrent sentences of four years and six months for the Class C felony and two years for the Class D felony, all suspended except seven months service in the county jail. In this appeal, the defendant contends he should have received full probation or community corrections upon being revoked from judicial diversion. We disagree and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Robert D. Massey, Pulaski, Tennessee, for the appellant, Ronnie Daniel.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Mike Bottoms, District Attorney General; and J. Douglas Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The technical record before this court is exceedingly sparse. Omitted from the technical record are the subject indictment and order or pleading placing the defendant on judicial diversion. Although two prior revocation warrants were issued in April 1997 and July 1998, it is not totally clear as to what, if anything, occurred relative to the dispositions of these warrants. No disposition is reflected in the technical record. Nevertheless, we are able to ascertain sufficient information from the revocation hearing to enable us to perform an appellate review. Therefore, we will address the sentencing issue on its merits.

On March 6, 1997, the defendant pled guilty to two worthless check counts, one of which was a Class C felony and the other a Class D felony. He was granted judicial diversion and placed on probation. *See* Tenn. Code Ann. § 40-35-313(a)(1)(A).

He then pled guilty on April 10, 1997, to simple possession of marijuana and possession of drug paraphernalia and received concurrent probationary sentences of 11 months and 29 days for each offense. The defendant committed these offenses prior to being placed on judicial diversion in the instant cases.

On the same date, April 10, 1997, a revocation warrant was issued alleging the defendant tested positive for marijuana on that date. The affidavit of the probation officer reflects that the defendant admitted to using marijuana. No disposition of that warrant is reflected in the record.

On November 20, 1997, the defendant pled guilty to two counts of Class E felonious sales of marijuana and received sentences of two years probation to run concurrently with each other and his prior sentences. The defendant committed these offenses prior to being placed on judicial diversion.

On July 29, 1998, a second petition to revoke judicial diversion was filed, alleging the defendant was arrested on July 26, 1998, for DUI, violation of implied consent, reckless endangerment, simple possession of marijuana, and simple possession of cocaine. There is no indication of this petition's disposition in the technical record. The record does reflect that the defendant was convicted of the underlying DUI and simple possession of marijuana on December 1, 1998, received an effective sentence of 11 months and 29 days, to serve 30 days, and was fined a total of $600.

On May 23, 2000, the defendant was arrested and charged with DUI, possession of drug paraphernalia, possession of a schedule VI substance, and possession of a schedule IV substance. The third revocation warrant was issued on June 12, 2000, based upon these charges. These underlying charges were pending at the time of the subject sentencing hearing.

The trial court revoked judicial diversion by order entered on March 8, 2001. The revocation itself is not in dispute. A sentencing hearing was conducted on April 24, 2001. At the sentencing hearing, the state introduced the testimony of the presentence report officer, the presentence report, and various documents which established the matters set forth above. The defendant did not testify but did introduce several letters from others in support of the defendant.

## SENTENCING

The defendant does not challenge the length of his effective four and one-half year sentence, to serve seven months with the balance on probation; rather, he challenges the denial of full probation and community corrections.

**A. Procedure Upon Revocation of Judicial Diversion**

Upon finding a violation of probation by a defendant on judicial diversion, the trial court may revoke judicial diversion and should, and here did, proceed to sentence the defendant pursuant to the standard provisions of the Sentencing Act. State v. Johnson, 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999). As stated, the only issue in this appeal is whether the trial court erred in denying full probation or community corrections.

**B.  Standard of Review**

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); Tenn. Code Ann. § 40-35-303(b). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W.2d at 169.

**C.  Analysis**

The trial court denied the defendant's request to be placed on immediate probation or community corrections and sentenced the defendant to split confinement, which is a form of

alternative sentencing. *See* Tenn. Code Ann. § 40-35-104(c)(5); State v. Williams, 52 S.W.3d 109, 120 (Tenn. Crim. App. 2001). The trial judge made model findings relating to the sentences imposed under the Sentencing Act. She carefully reviewed the relevant sentencing principles in denying full probation and community corrections. The sentences imposed by the trial court are clearly entitled to a presumption of correctness. *See* Tenn. Code Ann. § 40-35-401(d).

The trial court noted the defendant had "not taken advantage of any break that any [c]ourt has ever given him." Truer words have never been spoken. Less than one month after being placed on judicial diversion, the defendant tested positive for marijuana and admitted to the probation officer he had used marijuana after being placed on judicial diversion. The defendant was arrested for DUI and possession of marijuana on July 26, 1998, and convicted on those offenses on December 1, 1998. Moreover, the defendant, at the time of sentencing on the instant two felonies, had six prior convictions, two of which were felonies. Thus, over a relatively short period of time defendant had amassed convictions for eight offenses, four of which were felonies. Defendant had numerous other charges pending at the time of his sentencing hearing.

The defendant has a long history of criminal conduct, and measures less restrictive than confinement have proven totally unsuccessful. *See* Tenn. Code Ann. § 40-35-103(1)(A), (C). The defendant has failed to establish that the denial of full probation and community corrections was improper. We will not disturb the sentences imposed by the trial court.

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE